# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS P. KOSEK, <br><br> Defendant. | No. CR99-3029-MWB <br><br> ORDER REGARDING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY |

## *I. INTRODUCTION AND FACTUAL BACKGROUND*

On November 17, 1999, a single-count indictment was returned against defendant Thomas P. Kosek, charging him with conspiracy to distribute and possess with intent to distribute approximately 50 grams of methamphetamine, in violation of 21 U.S.C. § 846. Defendant Kosek entered a plea of guilty to the charged offense. Defendant Kosek's statutory sentencing range was no less than five years and no more than 40 years imprisonment. Pursuant to United States Sentencing Guidelines § 4B1.1, defendant was considered a career offender. Presentence Investigation Report ¶ 43. His career offender status was based on two predicate offenses, a burglary conviction and a September 12, 1994, state conviction for promoting a gathering where a controlled substance would be distributed. Presentence Investigation Report ¶ 43. Defendant Kosek did not object to that portion of his Presentence Investigation Report which concluded that he qualified as a career offender. Defendant Kosek was assessed thirteen criminal history points in his Presentence Investigation Report and he was assessed to be in criminal history category VI based on both his qualifying as a career offender and because of his thirteen criminal

history points. Presentence Investigation Report ¶ 60. Defendant Kosek's sentencing range was determined to be 188 months to 235 months. Presentence Investigation Report ¶ 93. At the time of his sentencing, the government filed a motion pursuant to United States Sentencing Guidelines § 5K1.1 to reduce defendant Kosek's sentence for substantial assistance. On June 21, 2000, defendant Kosek was sentenced to 148 months imprisonment. Defendant Kosek did not appeal his conviction. Instead, defendant Kosek filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his motion, Kosek challenged the validity of his conviction on two grounds: 1) ineffective assistance of his counsel; and 2) that he was incorrectly sentenced as a career offender. Defendant Kosek subsequently amended his § 2255 motion to assert a third ground: that he was incorrectly sentenced for a schedule II controlled substance. On September 28, 2004, the court denied defendant Kosek's § 2255 motion. In its order, the court denied defendant Kosek's claim that he was improperly sentenced as a career offender, noting that defendant Kosek did "not dispute that his conviction . . .was for conduct that facilitated the attempted distribution of a controlled substance." Order at 10. As a result, the court concluded that defendant Kosek had not demonstrated that his counsel was ineffective in failing to challenge this predicate offense.

On April 3, 2006, eighteen months after the court denied defendant Kosek's § 2255 motion, and almost twelve years after his Iowa state conviction for promoting a gathering where a controlled substance would be distributed, defendant Kosek filed a Motion To Amend, Enlarge or Expand in Iowa District Court For Hardin County in *State v. Kosek*, CR 7922-0694. In his motion, defendant Kosek requested that the Iowa district court amend the judgment in his September 12, 1994, Iowa state conviction, for promoting a gathering where a controlled substance would be distributed, to reflect that the factual basis for his guilty plea in that case was for sponsoring a meeting for the purpose of possessing,

2

not distributing, controlled substances. On April 19, 2006, the Iowa District Court for Hardin County issued an order granting defendant Kosek's Motion To Amend, Enlarge or Expand in Iowa District Court For Hardin County in *State v. Kosek*, CR 7922-0694 and ordered that:

> 1st. That the order of September 12, 1994 and October 18, 1994, be so expanded and amended as to reflect that the Defendant, Thomas Paul Kosek, pled guilty to the offense of unlawfully sponsoring or aiding or assisting in the sponsoring of a meeting, gathering, or assemblage with the knowledge that a controlled substance be there possessed in violation of Iowa Code Section 124.407.
>
> 2nd. That the offense of which the Defendant has been convicted, therefore, not be considered a crime involving the manufacturing, sale or distribution of a controlled substance in violation of the laws of the State of Iowa.
>
> 3rd. That this order be considered to be retroactive in effect applying from the date of the original order on September 12, 1994, accepting the Defendant's plea of guilty to Count III of the amended trial information.

*State v. Kosek*, CR 7922-0694 (Apr. 19, 2006).

Defendant Kosek then filed a Motion For Immediate Release From Custody in this court in which he asserts that he has been improperly sentenced as a career offender. The government has filed a timely resistance to defendant Kosek's motion. The government assumes *arguendo* that defendant Kosek's Iowa state conviction for "unlawfully sponsoring or aiding or assisting in the sponsoring of a meeting, gathering, or assemblage with the knowledge that a controlled substance be there possessed in violation of Iowa Code Section 124.407" would not qualify as a predicate felony drug offense for the purposes of the career offender provisions of United States Sentencing Guidelines § 4B1.1, but contends that

3

defendant Kosek is procedurally barred from raising his claim because he did not act with due diligence to amend his Iowa state conviction. In reply, defendant Kosek asserts that he did act with due diligence to have the error in *State v. Kosek*, CR 7922-0694, concerning the offense to which he actually pleaded guilty, corrected.

## II. LEGAL ANALYSIS
### A. Timeliness of Motion

The court concludes that disposition of defendant Kosek's motion is determined by application of the United States Supreme Court's decision in *United States v. Johnson*, 544 U.S. 295 (2005). In *Johnson*, the petitioner pleaded guilty to distribution of cocaine and the district court sentenced him as a career offender on the basis of two prior state convictions for cocaine distribution. *Id.* at 298. Subsequently, four years later, a state court vacated one of the predicate convictions because the petitioner had not knowingly waived his right to counsel in that case. *Id.* at 300-01. Three months after the vacation of the conviction, the petitioner filed a § 2255 motion seeking an order vacating the enhanced federal sentence. *Id.* at 301. The petitioner asserted that his motion was timely under section 2255 because the order vacating the state judgment constituted the fact supporting his claim, thus triggering a renewed limitations period. *Id*. A divided Eleventh Circuit Court of Appeals rejected the petitioner's argument, holding that the state-court order vacating the prior conviction was not a "fact," but, instead, was "a legally operative order [that was] a mandate of law or a consequence of applying law, and therefore [was] distinct from a matter of 'fact' as Congress used the term in § 2255." *Id.* at 304-05. In reversing the decision of the court of appeals, the United States Supreme Court held that a state court's order vacating a conviction that had been used to enhance a federal sentence is a new "fact" that starts a one-year period in which to seek collateral review of the federal

4

sentence. See 28 U.S.C. § 2255 ¶ 6(4). However, the Court also required that the petitioner show due diligence in obtaining the vacatur of his predicate state court conviction in order to rely on the § 2255 ¶ 6(4) limitations period. *See Johnson*, 544 U.S. at 310. Diligence is shown by the petitioner's prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence. *Id*. The Court concluded that the actions of the petitioner in *Johnson*, who filed his state habeas petition more than three years following entry of his federal judgment, "fell far short of reasonable diligence in challenging the state conviction." *Id*. at 311. In addition, the Court observed that the petitioner's explanations for the delay, his lack of sophistication and pro se status, did not excuse his dilatoriness. *Id*. Thus, the Court held that the petitioner's delay of greater than three years before seeking state court relief, absent an excusable basis for the delay, constituted a failure to exercise due diligence which rendered the petitioner's § 2255 motion to be untimely. *Id*.

Here, on April 19, 2006, the Iowa District Court for Hardin County granted defendant Kosek's Motion To Amend, Enlarge or Expand in Iowa District Court For Hardin County in *State v. Kosek*, CR 7922-0694.[1] The *Johnson* decision dictates that this qualified as a "fact supporting the [habeas] claim" and that defendant Kosek had one year from receiving notice of this decision to file his motion. Because defendant Kosek filed his motion well within that time, he has clearly satisfied Johnson's first requirement. Nonetheless, like the petitioner in *Johnson*, defendant Kosek has failed to satisfy *Johnson*'s

---

[1] Defendant Kosek asserts that because he filed a motion to amend, enlarge or expand his state court judgment rather than a motion to vacate, like the petitioner in *Johnson*, that the *Johnson* decision is not controlling in this matter. The court disagrees and sees no meaningful difference between the motion filed by defendant Kosek in this matter and the one filed by the petitioner in *Johnson* since in both instances the moving party is seeking to alter or vacate his predicate state court conviction.

5

second requirement: the exercise of due diligence in seeking vacatur of the state court conviction. The court entered judgment on defendant Kosek's enhanced federal sentence on June 21, 2000. Defendant Kosek, however, did not file his Motion To Amend, Enlarge or Expand in state court until April 3, 2006-more than five years after judgment was entered on his federal sentence. As noted above, in their *Johnson* decision, the United States Supreme Court held that where the petitioner waited more than three years after entry of judgment to file his state petition, he did not act with reasonable diligence. *See id*. at 311. Where defendant Kosek's state court filing suffered from an even longer delay, the court is constrained to conclude that he similarly failed to act with reasonable diligence. Accordingly, defendant Kosek's § 2255 motion is denied as untimely.

## *B. Certificate Of Appealability*

Defendant Kosek must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on these issues. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court recently reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S.

6

473, 484 (2000)). The court determines that Kosek's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to these claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### *III. CONCLUSION*

The court concludes that defendant Kosek's motion is untimely. Therefore, defendant Kosek's Motion For Immediate Relesse From Custody is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

7